# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVEREST NATIONAL INSURANCE COMPANY, | CASE NO. CV F 08-1695 LJO GSA |
| Plaintiff, | **SCHEDULING CONFERENCE ORDER** |
| v. | Expert Disclosure: September 30, 2009 |
| VALLEY FLOORING SPECIALTIES, INC., | Supplemental Expert Disclosure: October 20, 2009 |
| Defendant. | Nonexpert Discovery Cutoff: September 30, 2009 |
| _____ / | |
| VALLEY FLOORING SPECIALTIES, INC., | Expert Discovery Cutoff: November 15, 2009 |
| Counterclaimant, | Pretrial Motion Filing Deadline: November 30, 2009 |
| v. | |
| EVEREST NATIONAL INSURANCE COMPANY, | Pretrial Motion Hearing Deadline: January 28, 2010 |
| Counterdefendant. | Settlement Conf.: None set. |
| | Pretrial Conf.:  Date: February 12, 2010  Time: 8:30 a.m.  Dept.: 4 (LJO) |
| | Court Trial: (3-4 day est.)   Date: April 5, 2010  Time: 9 a.m.  Dept.: 4 (LJO) |
| _____ / | |

This Court conducted a February 17, 2009, scheduling conference. Plaintiff and Counterdefendant Everest National Insurance Company personally appeared by counsel Thy B. Bui. Defendant and Counterclaimant Valley Flooring Specialists, Inc.,personally appeared by Donald R. Forbes. Pursuant to F.R.Civ.P. 16(b), this Court sets a schedule for this action.

1

**1.      Amendment To The Parties' Pleadings**

The parties propose no further amendment to their respective pleadings.

**2.      Consent To Magistrate Judge**

All parties do not consent to the conduct of further proceedings, including trial and entry of judgment, by a United States Magistrate Judge. Due to this Court's heavy caseload and its effect to hold to scheduled dates, the parties are encouraged to consent to the conduct of further proceedings by a United States Magistrate Judge.

**3.      F.R.Civ.P. 26(a)(1) Initial Disclosures**

The parties served their respective F.R.Civ.P. 26(a)(1) initial disclosures on February 9, 2009.

**4.      Expert Witnesses**

Initial expert witness disclosures by any party shall be served no later than **September 30, 2009**. Supplemental expert witness disclosures by any party shall be served no later than **October 20, 2009**. Such disclosures must be made pursuant to F.R.Civ.P. 26(a)(2)(A) and (B) and shall include all information required thereunder. In addition, F.R.Civ.P. 26(b)(4) and F.R.Civ.P. 26(e) shall specifically apply to all discovery relating to expert witnesses and their opinions. Each expert witness must be prepared fully to be examined on all subjects and opinions included in the designations. Failure to comply with these requirements will result in the imposition of appropriate sanctions, which may include the preclusion of testimony or other evidence offered through the expert witness. In particular, this Court will enforce preclusion of testimony or other evidence if F.R.Civ.P. 26(e) is not strictly complied with.

**5.      Discovery Cutoffs And Limits**

All nonexpert discovery and related discovery motions (including motions to compel) shall be completed or heard no later than **September 30, 2009**. All expert discovery and related discovery motions (including motions to compel) shall be completed or heard no later than **November 15, 2009**.

**6.      Pretrial Motion Schedule**

All pretrial motions, both dispositive and nondispositive (except discovery motions addressed above), shall be served <u>and filed</u> no later than **November 30, 2009**. All pretrial dispositive and

nondispositive motions (except discovery motions addressed above) shall be set before the appropriate judge for a hearing to be conducted no later than **January 28, 2010**.

At the pretrial conference, the Court will set filing and hearing dates for motions in limine.

**7.     Mandatory Settlement Conference**

At this time, this Court sets no settlement conference. If the parties later desire a settlement conference, they may jointly request one by contacting the chambers of the United States Magistrate Judge assigned to this action.

If a settlement conference is set and unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the settlement conference with the parties and the person or persons having full authority to negotiate and settle the case, on any terms, at the conference.

**No later than seven days prior to the settlement conference**, each party shall submit directly to the settlement conference judge's chambers a confidential settlement conference statement. This statement should neither be filed with the clerk of the Court nor served on any other party. Each statement shall be clearly marked "CONFIDENTIAL" with the date and time of the mandatory settlement conference indicated prominently. Counsel are urged to request the return of their statements. If such request is not made, the Court will dispose of the statement.

The confidential settlement conference statement shall include the following:

A.     A brief statement of the facts of the case;

B.     A brief statement of the claims and defenses (i.e., statutory or other grounds upon which the claims or defenses are based), a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses, and a description of the major issues in dispute;

C.     A summary of the proceedings to date;

D.     An estimate of the cost and time to be expended for further pretrial and trial matters, including discovery;

E.     The relief sought; and

F.     The party's position on settlement, **including the amount which or otherwise what the party will accept to settle, realistic settlement expectations**, present demands and offers, and a history of past settlement discussions, offers, and demands.

1   This Court will vacate the settlement conference if the Court finds the settlement conference will
2 be neither productive nor meaningful to attempt to resolve all or part of this case. As far in advance of
3 the settlement conference as possible, a party shall inform the Court and other parties that it believes the
4 case is not in a settlement posture so the Court may vacate or reset the settlement conference. Otherwise
5 the parties shall proceed with the settlement conference in good faith to attempt to resolve all or part of
6 the case.

**8.    Pretrial Conference**

This Court sets a pretrial conference for **February 12, 2010, at 8:30 a.m.** in Department 4 (LJO) of this Court. The parties are directed to file a joint pretrial statement which complies with the requirements of this Court's Local Rule 16-281. In addition, the joint pretrial statement should include a brief factual summary and an agreed upon neutral statement of the case. An additional copy of the joint pretrial statement, carefully prepared and executed by all counsel, shall be electronically filed in CM/ECF and shall be e-mailed in WordPerfect format to ljoorders@caed.uscourts.gov.

The parties' attention is directed to this Court's Local Rules 16-281 and 16-282. This Court will insist upon strict compliance with those rules.

At the pretrial conference, the Court will set deadlines, among others, to file motions in limine, final witness lists, exhibits, jury instructions, objections, and other trial documents.

**9.    Trial Date**

A three to four day court trial is set for **April 5, 2010, at 9 a.m.** in Department 4 (LJO) of this Court.

At this time, the parties request no bifurcation of issues.

**10.    Effect Of This Order**

This order represents the best estimate of the Court and parties as to the agenda most suitable to dispose of this case. If the parties determine at any time that the schedule outlined in this order cannot be met, the parties are ordered to notify the Court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference. Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations with attached exhibits, where appropriate, which establish good cause for granting the relief requested.

1    Failure to comply with this order shall result in the imposition of sanctions.

3    **IT IS SO ORDERED.**

4    **Dated:**   **February 17, 2009**                              **/s/ Gary S. Austin**
                                                          **UNITED STATES MAGISTRATE JUDGE**