# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVEREST NATIONAL INSURANCE COMPANY, | CASE NO. CV F 08-1695 LJO GSA |
| Plaintiff, | **ORDER ON DEFENDANT'S MOTION TO FILE BELATED PAPERS TO OPPOSE SUMMARY ADJUDICATION** |
| vs. | (Doc. 21.) |
| VALLEY FLOORING SPECIALITIES, | |
| Defendant. / | |
| AND RELATED COUNTERACTION. / | |

## INTRODUCTION

This Court granted plaintiff-counterdefendant Everest National Insurance Company ("Everest") summary adjudication that Everest owes no duty to defend its insured defendant-counterplaintiff Valley Flooring Specialities, Inc. ("Valley Flooring") against claims by Valley Flooring's employee in an underlying action. This Court further granted Everest summary adjudication that Everest did not act in bad faith in its treatment of the employee's underlying action.

Valley Flooring filed no timely papers to oppose summary adjudication for Everest. Fourteen days after this Court's summary adjudication decision in Everest's favor, Valley Flooring filed papers which in essence ask this Court to consider Valley Flooring's belated opposition and in turn to vacate summary adjudication for Everest. Everest characterizes Valley Flooring's failure to file timely

opposition as inexcusable inaction of Valley Flooring's counsel to preclude consideration of Valley Flooring's belated opposition. This Court considered Valley Flooring's motion to file belated opposition papers and for reconsideration on the record and VACATES the June 4, 2009 hearing. For the reasons discussed below, this Court DENIES Valley Flooring's requested relief.

## BACKGROUND

### Absence Of Timely Opposition

On March 23, 2009, Everest filed and served by this Court's electronic transmission system its moving summary adjudication papers and set an April 27, 2009 hearing.[1] After the opposition deadline expired, this Court issued its April 14, 2009 summary adjudication decision in Everest's favor.

The April 15, 2009 letter of Valley Flooring's counsel Donald Forbes ("Mr. Forbes") to this Court states in pertinent part:

> Late yesterday, I was both surprised and embarrassed to learn that you had rendered a Summary Adjudication Decision in the above-matter. I was surprised because we were drafting an opposition to the motion that was scheduled to be heard on April 27, 2009. I had reviewed FRCP Rule 56 and Local Rule 56-260 and was not aware of any deadline for the opposition other than the hearing date.
>
> I am embarrassed to now learn there is a Local Rule for law and motion matters that specifies opposing papers must be filed 14 days prior to the hearing. (Local Rule 78-230(c)) I was unaware of this rule until today despite my effort to determine a deadline based on FRCP 56 and Local Rule 56-260.

### Valley Flooring's Belated Opposition Request

On April 28, 2009, Valley Flooring filed papers seeking to vacate the summary adjudication decision, permission to file opposition papers, and reconsideration of summary adjudication for Everest. Valley Flooring included opposition papers which it asks this Court to consider. In addition, Valley Flooring filed Mr. Forbes' declaration, which states in pertinent part:

> In anticipation of Everest National Insurance Company, "Everest," making a motion for summary judgment, I reviewed FRCP, Rule 56 before receiving the motion. I was concerned about the federal rule permitting a summary judgment motion on ten (10) days notice and the amount of time needed to respond.
>
> I made a mental note that the rule provides: "[a]n opposing party may serve opposing affidavits before the hearing day." (FRCP 56(c)) I assumed this rule was necessary because the notice period was so short.

---

[1] In the parties' January 30, 2009 joint scheduling report, Everest noted its intent to seek summary judgment.

2

> I looked at the Local Rules for the Eastern District of California for Summary Judgment. I found and reviewed LR 56-260, page 108. That rule mentioned the Court's requirement for a Statement of Undisputed Facts but did not specify any response time.
>
> Based on my review of FRCP 56 and LR 56-260, I assumed the opposition I was preparing could be filed any day before the hearing.
>
> I did not think to look elsewhere for a briefing schedule or deadline for opposing the motion.

Mr. Forbes further declares that an opposition rough draft was completed in March but "[d]ue to the press of time in handling other matters, I set aside the opposition brief. I believed I had ample time for additional work on the brief, analysis and revision. I had targeted filing on April 21 . . ." Mr. Forbes claims that "on April 15, 2009, I first learned of LR 78-230 and its provision for filing opposition papers in civil law and motion matters 14 days before the hearing date." Mr. Forbes further claims that he would have filed timely opposition "[b]ut for my mistaken assumption of the date to file the opposition and my failure to consider LR 78-230."

## **DISCUSSION**

### **Enlargement Of Time**

This Court's initial determination is whether Mr. Forbes' unawareness of an opposition deadline is excusable neglect to warrant consideration of Valley Flooring's belated opposition and in turn reconsideration of summary adjudication for Everest.

Local Rule 73-230(c) sets the deadline for opposition papers:

> Opposition, if any, to the granting of the motion shall be in writing and shall be filed with the Clerk not less than fourteen (14) days preceding the noticed (or continued) hearing date. Opposition shall be personally on opposing counsel not less than fourteen (14) days preceding the hearing date (personal service) or mailed or electronic service not less than seventeen (17) days preceding the hearing date.

Everest set an April 27, 2009 hearing with more than sufficient notice. Valley Flooring's opposition was due April 10, 2009, if served by mail or electronic service, or April 13, 2009, if personally served.

F.R.Civ.P. 6(1)(B) addresses extending time for missed deadlines:

> When an act may or must be done within a specified time, the court may for good cause, extend the time:

    . . .

    (B) on motion after the time has expired if the party failed to act because of excusable neglect.

### Absence Of Excusable Neglect

Valley Flooring explains that Mr. Forbes "mistakenly assumed that the opposing papers could be filed at any time before the date of the hearing" and that the missed filing deadline resulted from Mr. Forbes' "faulty assumption and failure to review all the law and motion rules applicable to the motion for summary adjudication." Valley Flooring characterizes the missed deadline as "mistake and excusable neglect."

Everest characterizes Mr. Forbes' "faulty assumption" and inexplicable failure to review applicable law and motion rules as "inexcusable."

Valley Flooring fails to demonstrate excusable neglect to permit an extension to oppose summary judgment. An "extension of a time limitation must be 'for good cause shown.'" *Lujan v. National Wildlife Federation*, 497 U.S. 871, 896, 110 S.Ct. 3177. A postdeadline extension "is permissible only where the failure to meet the deadline 'was the result of excusable neglect.'" *Lujan*, 497 U.S. at 896, 110 S.Ct. 3177. After the time has run to respond, a court may permit a response "where the failure to act was the result of excusable neglect." *McLaughlin v. City of LaGrange*, 662 F.2d 1385, 1387 (11th Cir. 1981) (citing F.R.Civ.P. 6(b)(2).

Excusable neglect under F.R.Civ.P. 6(b)(2) requires "a demonstration of good faith by the parties seeking the enlargement . . . [and] a reasonable basis for not complying within the specified period." *In re Four Seasons Securities Laws Litigation*, 493 F.2d 1288, 1290 (10th Cir. 1974). A solo practitioner's "busy practice" and preparation of other cases does not establish excusable neglect under F.R.Civ.P. 6(b)(2). *McLaughlin*, 662 F.2d at 1387 (denial of request for additional time to oppose summary judgment filed four days late "was not an abuse of discretion"); *see Marquee Television Network v. Early*, 713 F.2d 837 (D.C. Cir. 1983) (sole practitioner's involvement in a criminal matter, full teaching load and financial inability to secure assistance did not excuse failure to file brief, respond to order to show cause or timely seek extension). Lack of an acceptable explanation for failure to act earlier warrants denial of F.R.Civ.P. 6(b) relief. *See Wesolek v. Canadair Limited*, 838 F.2d 55, 58 (2nd

Cir. 1988) (court properly denied extension to object to magistrate judge's findings and recommendations given counsel's knowledge of need to object and despite counsel's absence and attention to other motions and proceedings). Moreover, a counsel's "inattention or carelessness, such as a failure to consult or abide by an unambiguous court procedural rule, normally does not constitute 'excusable neglect.'" *Dimmitt v. Ockenfels*, 407 F.3d 21, 24 (1st Cir. 2005). "[I]nadvertence, ignorance of the rules, or mistakes concerning construing the rules do not usually constitute 'excusable neglect.'" *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 392, 113 S.Ct. 1489 (1993).

The gist of Valley Flooring's excusable neglect claim is that Mr. Forbes did not know of Local Rule 78-230, did not locate it when reviewing the Local Rules, and presumed he could file opposition papers a day before the hearing. Valley Flooring's position defies logic. In its reply papers, Valley Flooring "concedes" that Mr. Forbes "should have known of the specific local rule concerning the deadline for filing an opposition brief."

For decades, Local Rule 78-230 has governed motion deadlines in this Court. State and other federal courts have similar rules, and Valley Flooring's reference to California Code of Civil Procedure section 437c demonstrates as much. Local Rule 78-230 is found on page 91 of the Local Rules, mere pages from the Local Rule 56-260, which Mr. Forbes consulted. The Local Rules' Index has a "Motion" section which includes references to "calendar," "civil motion calendar," "hearing," "**opposition**," "oral argument," "reply," and "timing." (Bold in original.) Each such reference refers to Local Rule 78-230, and Valley Flooring acknowledges that Mr. Forbes mere review of summary judgment rules "is no excuse for the failure to find and follow LR 78-230."

Mr. Forbes' claim that he did not know of Local Rule 78-230 is inexcusable, and Valley Flooring's reply papers appear to concede as much. A "lawyer's failure to read an applicable rule is one of the least compelling excuses that can be offered." *Pincay v. Andrews*, 389 F.3d 853, 859 (9th Cir. 2004), *cert. denied*, 544 U.S. 961, 125 S.Ct. 1726 (2005). Local Rule 78-230 is easy to find. Valley Flooring's papers indicate that Mr. Forbes was unsure about an opposition deadline. Valley Flooring reveals no meaningful attempts by Mr. Forbes to ascertain an opposition deadline. Mr. Forbes does not indicate that he attempted to contact the clerk, chambers, opposing counsel or any other counsel to

5

attempt to ascertain an opposition deadline. Mr. Forbes does not indicate that he consulted practice guides or treatises to find such information. Mr. Forbes' reliance on his minimal reference to F.R.Civ.P. 56 and Local Rule 56-260 is insufficient.

Moreover, Mr. Forbes is no a stranger to this Court despite Valley Flooring's claim that his "primary practice is in state court." This Court's records reveal that he has served as defense counsel in nine actions in addition to this action. In one of the other actions, a summary judgment motion was filed. *See Bank of America, NT and SA v. C. Wayne Newton, et al.*, Case No. CV F 92-5401 OWW. In addition, Mr. Forbes has served as a voluntary dispute resolution neutral in an action in this Court. *See Tamez v. City of Parlier, et al.,* Case No. CV F 97-6069 SMS. Mr. Forbes is an experienced attorney and was admitted to the State Bar of California in 1978, according to its records. Everest points out that Mr. Forbes filed papers to oppose summary judgment in an action before the Northern District of California. *See Hyatt Corp. v. Patco Investments, Inc.*, 1999 U.S. Dist. LEXIS 23311 (1999).

This Court is further troubled by Mr. Forbes' apparent lackadaisical approach to this action and matters before this Court. Mr. Forbes presumed he could drop a summary adjudication opposition on this Court and Everest a day before the hearing. Despite lacking logic, such approach is discourteous and disruptive of this Court's heavy caseload and calendar. To add insult to injury, Valley Flooring delayed 14 days after the summary adjudication decision to seek relief. This Court is not in position to manage its burdensome caseload based on the whim of when counsel "will get around to it," especially when such counsel had been forewarned that a summary judgment motion was imminent.

Valley Flooring demonstrates neither good cause nor good faith to support excusable neglect. Delay to pursue summary adjudication opposition did not arise from ill health, disability, mail problems, miscommunication, error of this Court or its staff, or ambiguity of this Court's Local Rules. Mr. Forbes' ignorance of Local Rule 72-230 and inexplicable failure to exert minimal necessary action to ascertain an opposition deadline are not excusable neglect.

Moreover, Valley Flooring's reliance on F.R.Civ.P. 60(b) is unavailing. F.R.Civ.P. 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representatives from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

. . .

(6) any other reason that justifies relief.

F.R.Civ.P. 60(b) relief is not a matter of right and rests in the trial court's sound discretion. *Robb v. Norfolk & Western Ry. Co.*, 122 F.3d 354, 359 (7th Cir. 1997); *de la Torre v. Continental Ins. Co.*, 15 F.3d 12, 14 (1st Cir. 1994); *see Carter v. United States*, 973 F.2d 1479, 1489 (9th Cir. 1992). F.R.Civ.P. 60(b) relief may be granted "only upon an adequate showing of exceptional circumstances." *Richards v. Aramark Services, Inc.*, 108 F.3d 925, 927 (8th Cir. 1997); *Massengall v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994); *United States v. Bank of New York*, 14 F.3d 756, 757 (2nd Cir. 1994).

An analysis under F.R.Civ.P. 60(b)(1) standards mirrors the above and reaches the same result – no excusable neglect to warrant Valley Flooring's requested relief.

Furthermore, F.R.Civ.P. 60(b)(6) offers no independent grounds for relief in that a "party may not avail himself of the broad 'any other reason' clause of 60(b) if his motion is based on grounds specified in clause (1) – 'mistake, inadvertence, surprise or excusable neglect.' Rather, 'extraordinary circumstances' are required to bring the motion within the 'other reason' language . . ." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864, n. 11, 108 S.Ct. 2194 (1988) (citation omitted). "Clause 60(b)(6) is a 'catch-all' clause that is read as being exclusive of the other grounds for relief listed in Rule 60." *Community Dental Servs. v. Tani*, 282 F.3d 1164, 1168, n. 8 (9th Cir. 2002). "If a party is partly to blame for the delay, relief must be sought within . . . subsection (1)" of F.R.Civ.P. 60(b). F.R.Civ.P. 60(b)(6) requires a demonstration of "extraordinary circumstances." *Tani*, 282 F.3d at 1168.

Valley Flooring's untimely opposition arising from Mr. Forbes' failure to ascertain the opposition deadline does not constitute extraordinary circumstances, even if F.R.Civ.P. 60(b)(6)'s "any other reason" could be invoked. Valley Flooring is not entitled to relief under F.R.Civ.P. 60(b)(1) or

(6).[2]

**Merits Of Valley Flooring's Proposed Opposition**

Putting aside the excusable neglect issue, this Court reviewed Valley Flooring's proposed opposition papers which fail to warrant vacating summary adjudication for Everest.

*Reconsideration Standards*

A basic principle of federal practice is that courts generally refuse to reopen decided matters. *Magnesystems, Inc. v. Nikken*, 933 F.Supp. 944, 948 (C.D. Cal. 1996). However, either the moving or opposing party may seek reconsideration of a summary judgment/adjudication ruling. *Taylor v. Knapp*, 871 F.2d 803, 805 (9th Cir.), *cert. denied*, 493 U.S. 868, 110 S.Ct. 192 (1989). Reconsideration is appropriate if the district court: (1) is presented with newly discovered evidence; (2) has committed clear error or the initial decision was manifestly unjust; or (3) is presented with an intervening change in controlling law. *School District 1J, Multnomah County v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), *cert. denied*, 512 U.S. 1236, 114 S.Ct. 2742 (1994). There may be other highly unusual circumstances warranting reconsideration. *School District 1J*, 5 F.3d at 1263.

A motion for reconsideration of a summary judgment/adjudication ruling is restricted:

> Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence. *Such motions cannot in any case be employed as a vehicle to introduce new evidence that could have been adduced during pendency of the summary judgment motion. . . . Nor should a motion for reconsideration serve as the occasion to tender new legal theories for the first time.*

*Publisher's Resource, Inc. v. Walker Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) (quoting *Keene Corp. v. International Fidelity Ins. Co.*, 561 F.Supp. 656, 665-666 (N.D. Ill. 1982), *aff'd*, 736 F.2d 388 (7th Cir. 1984) (emphasis in original)); *see Novato Fire Protection Dist. v. United States*, 181 F.3d 1135, 1142, n. 6 (9th Cir. 1999), *cert. denied*, 529 U.S. 1129, 120 S.Ct. 2005 (2000). Reconsideration should not be used "to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *See Brambles USA, Inc. v. Blocker*, 735 F.Supp. 1239,

---

[2] Everest points to further delay as an additional valid basis to deny Valley Flooring's requested relief. Everest correctly notes: "Revisiting the issue of Everest's duty to defend and allowing Valley Flooring to file its late opposition would delay final resolution of this coverage action since Everest is prepared to promptly file a motion for summary judgment for the reimbursement of all of the defense expenses it paid on Valley Flooring's behalf, which would dispose of this action in its entirety."

8

1240 (D. Del. 1990). Under this Court's Local Rule 78-230(k), a party seeking reconsideration must demonstrate "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion" and "why the facts or circumstances were not shown at the time of the prior motion."

Valley Flooring appears to base its reconsideration request on clear error of the summary adjudication decision. As discussed below, the summary adjudication is free of clear error and will remain effective.

***Factual Recap***

As a reminder, Valley Flooring employee Octavio Lopez ("Mr. Lopez") caught his left arm in a baler machine to require amputation above his elbow. Mr. Lopez filed a workers' compensation claim and later a civil action ("Lopez action") against Valley Flooring to allege a California Labor Code section 4558 ("section 4558")[3] claim that Mr. Lopez' injury was proximately caused by Valley Flooring's "knowing removal of or knowing failure to install the point of operation guard" to the baler machine.

Everest covered Mr. Lopez' workers' compensation claim under Part One, Workers Compensation of the Standard Workers Compensation and Employers Liability Policy ("policy") which Everest issued to Valley Flooring. Everest initially declined but has provided Valley Flooring a defense of the Lopez action after Valley Flooring's tender under the policy's Part Two, Employers Liability Insurance.

Everest sought summary adjudication that it lacked a duty to defend under an employer's liability exclusion for "any obligation imposed by workers compensation, occupational disease, unemployment compensation, or disability law, or any similar law" ("workers' compensation exclusion").[4] With its April 14, 2009 decision, this Court granted Everest summary adjudication and concluded that:

---

[3] Section 4458(b) permits an employee to "bring an action at law for damages against the employer where the employee's injury or death is proximately caused by the employer's **knowing removal of, or knowing failure to install**, a point of operation guard on a power press, and this removal or failure to install is specifically authorized by the employer under conditions known by the employer to create a probability of serious injury or death." (Bold added.)

[4] Everest sought to invoke other exclusions which this Court found inapplicable.

9

1. The workers' compensation exclusion is "unambiguous" in that the exclusion "clearly indicates that when workers' compensation liability exists, no coverage arises under the policy's employer's liability portion to limit Valley Flooring to defense and indemnity for the workers' compensation claim";

2. The exclusions relied upon by Everest "are conspicuous, and there is no issue as to their location, appearance and accessability. The applicable exclusions are not subject to invalidation as inconspicuous";

3. The workers' compensation exclusion precludes coverage for "section 4558 claims which arise as obligations imposed by workers' compensation law. Mr. Lopez' injury is compensable under workers' compensation laws to invoke coverage under the policy's workers' compensation portion. With workers' compensation liability for his claim, no coverage arises under the policy's employer's liability portion. To find otherwise would grant dual recovery contrary to the policy's unambiguous language and the concept of employer's liability insurance, *see Producers Dairy*, 41 Cal.3d at 917, 226 Cal.Rptr. 558, and 'violative' of California policy, *see Reagan's*, 31 Cal.App.4th at 384, 37 Cal.Rptr. 89"; and

4. "In the absence of coverage for the Lopez action, Everest is not subject to Valley Flooring's bad faith counterclaim."

The critical determination of summary adjudication for Everest is application of the workers' compensation exclusion. As such, this Court will address matters raised by Valley Floor's proposed opposition as to the workers' compensation exclusion.

*Ambiguity*

Valley Flooring argues that the workers' compensation exclusion is ambiguous in that the plain meaning of "worker's compensation" would not cover an exception to workers' compensation law, such as section 4558. Everest characterizes Valley Flooring's "competing interpretation" of the workers' compensation exclusion as unreasonable.

This Court stands by its evaluation that the workers' compensation exclusion is unambiguous. Valley Flooring fails to demonstrate the exclusion's ambiguity and ignores a key part of it. The

exclusion provides no insurance for "workers compensation . . . or any similar law." Section 4458, at a minimum, is a law similar to workers' compensation to raise no ambiguity.

### *Duty To Defend*

To attempt to invoke Everest's duty to defend the Lopez action, Valley Flooring argues that the Lopez action and Mr. Lopez' workers' compensation claim are "concurrent" so that "the 'same injury' gives rise to both a workers' compensation claim and an independent civil remedy [that] does not operate to bar coverage." Valley Flooring characterizes section 4558 "as an exception to the exclusivity of the workers' compensation remedy" which provides "an independent action at law for damages" and "an independent remedy" from a workers' compensation claim. In its reply papers, Valley Flooring notes that "[s]ection 4558 and its potential for damages is [sic] not an obligation imposed by the workers' compensation law."

Everest argues that the issue is whether Mr. Lopez' workers' compensation and section 4558 claims, "arising from the same injury, are covered under the Policy," "not whether an employee has the ability to maintain concurrent actions against its employer for the same injury." Everest concludes that "the manner in which the employee seeks relief" is not the correct focus.

This Court agrees with Valley Flooring that claims under section 4558 and workers' compensation are distinct, except as to the California Labor Code section 3600(b) employer credit of paid workers' compensation benefits toward a section 4558 judgment or settlement. The California Labor Code section 3600(b) credit tethers a section 4558 claim to workers' compensation and demonstrates that section 4558 is no less than similar to workers' compensation.

Moreover, Valley Flooring fails adequately to address the mutual exclusivity of the policy's workers' compensation and employer's liability portions and dual recovery under both portions. An exclusion for "any obligation imposed by a workers' compensation . . . law" is interpreted to exclude claims eligible for workers' compensation benefits for the same injury. *See Culligan v. State Comp. Ins. Fund,* 81 Cal.App.4th 429, 438, 440, 96 Cal.Rptr.2d 656 (2000). Such language "clearly indicates that where workers' compensation liability exists, there is no coverage under the employers' liability portion of the Policy, thereby affording only defense and indemnity of the workers' compensation claim." *Transamerica Ins. Co. v. Superior Court*, 29 Cal.App.4th 1705, 1715, 35 Cal.Rptr.2d 259 (1995). To

invoke coverage under workers' compensation and employer's liability policy portions would permit "dual recovery [which] is contrary to the concept of employers' liability insurance and violative of the statutory policy of the state." *Reagen's Vacuum Truck Service, Inc. v. Beaver Ins. Co.*, 31 Cal.App.4th 375, 384, 37 Cal.Rptr.2d 89 (1995). "This dual recovery under a single policy is contrary to both the plain meaning of the policy itself, and the concept of employers' liability insurance as it is commonly understood." *Producers Dairy Delivery Co. v. Sentry Ins. Co.*, 41 Cal.3d 903, 917, 226 Cal.Rptr. 558 (1986).

Valley Flooring asserts that since section 4558 "provides for damages in an action at law, the employer may not be held liable for such under the worker's compensation." Valley Flooring ignores that it invoked the policy's workers' compensation portion to preclude coverage under the employer's liability portion for the same injury. Everest correctly notes that the "workers' compensation exclusion excluded coverage for the civil action since the employee's injuries created an obligation under workers' compensation law that the insurer had already satisfied by extending coverage under the workers' compensation portion of the policy's coverage." Mr. Lopez' baler machine injury cannot be split between workers' compensation and employer's liability to achieve the result sought by Valley Flooring. Mr. Lopez injury is compensated by, and his remedies at issue here arise from, an "obligation imposed by workers compensation . . . or any similar law." As Everest notes, Valley Flooring's "flawed reasoning . . . would effectively write this exclusion out of the Policy."

This Court is unconvinced that its summary adjudication decision is erroneous, whether by a clear error standard or any other.

## **CONCLUSION AND ORDER**

For the reasons discussed above and even considering Valley Flooring's proposed opposition, this Court DENIES Valley Flooring's requested relief.

IT IS SO ORDERED.

**Dated:** **May 27, 2009** /s/ Lawrence J. O'Neill
UNITED STATES DISTRICT JUDGE

12